UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MALINKA MOYE,

        Plaintiff,

   v.

LA DONNA RENNA DUNCAN,

        Defendant.
                                               /

No. C-14-2788 EMC (pr)

**ORDER OF DISMISSAL**

      Malinka Moye filed more than 17 *pro se* civil rights actions in a short six-week period while he was in custody at the San Francisco County Jail. The Court reviewed the complaints pursuant to 28 U.S.C. §§ 1915 and 1915A; in a single order, the Court dismissed 17 of the complaints with leave to amend to cure numerous problems.[1] Mr. Moye then filed amended complaints in all seventeen actions.

      The amended complaint in this action is a rambling jumble of ideas and conclusory allegations that is largely incomprehensible. Although pages and pages of the prolix amended complaint do not present any understandable narrative, one theme is apparent: Mr. Moye is disgruntled by the outcome of a child custody case in state court brought by La Donna Duncan, who is the mother of his child. *See* Docket # 13 at 1, 6, 7 ("Family law court's badge of fraud, fraud on

---

[1] An eighteenth action filed during that six-week period, *Moye v. Napa State Hospital*, No. C 14-3121 EMC, alleged that Moye had been admitted improperly to the Napa State Hospital. That complaint was addressed in a separate order. Mr. Moye also has filed a petition for writ of habeas corpus apparently to challenge the criminal proceedings against him in San Francisco County Superior Court is currently pending. *Moye v. People*, C 14-3729 PJH. Any claim about his transfer to Napa State Hospital should be pursued in Case No. C. 14-3121 EMC, and any challenge to the lawfulness of his custody should be brought in a petition for writ of habeas corpus.

court to set up Mr. Moye. Other judges aided by illegal restraining orders, denial of judgment, default, trial"). It is not sufficient pleading for a plaintiff to present a theme; he must allege facts sufficient to state a claim upon which relief may be granted. Mr. Moye has not done so. To the extent he wants this Court to review the state court judgment in a child custody dispute, the claim cannot be entertained here. *See Ignacio v. Armstrong*, 453 F.3d 1160, 1165 (9th Cir. 2006) ("'As courts or original jurisdiction, federal district courts have no authority to review the final determinations of a state court in judicial proceedings.'") The amended complaint fails to allege "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The amended complaint also alleges fraud but, notwithstanding the instruction in the order of dismissal with leave to amend, does not state with particularity the circumstances constituting fraud. *See* Fed. R. Civ. P. 9(b). Due to the Court's inability to understand most of the allegations in the amended complaint, the Court cannot determine whether the amended complaint cures any of the other problems identified in the order of dismissal with leave to amend. Further leave to amend will not be granted because it would be futile: the order of dismissal with leave to amend identified the deficiencies in the original complaint and Mr. Moye was unable or unwilling to cure them in his amended complaint. There is no reason to believe that, with further leave to amend, he would be able to present a coherent statement of his claim(s).

For the foregoing reasons, and the reasons stated in the order of dismissal with leave to amend, this action is DISMISSED for failure to state a claim upon which relief may be granted. The Clerk shall close the file.

IT IS SO ORDERED.

Dated: September 26, 2014

_____
EDWARD M. CHEN
United States District Judge